## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 9, 2011

The Honorable Dan W. Heard
Calhoun County Criminal District Attorney
Post Office Box 1001
Port Lavaca, Texas 77979

Opinion No. GA-0874

Re: Whether a school district chief of police may be compensated for service on a city council
(RQ-0950-GA)

Dear Mr. Heard:

You ask whether a school district chief of police may be compensated for service on a city council.[1]

Article XVI, section 40 of the Texas Constitution provides, with certain exceptions not relevant to your inquiry, that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." TEX. CONST. art. XVI, § 40(a). Subsection (b) declares, in relevant part:

> State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers, shall not be barred from serving as members of the governing bodies of school districts, cities, towns, or other local governmental districts. Such State employees or other individuals may not receive a salary for serving as members of such governing bodies, except that:
>
> > (1) a schoolteacher . . . or retired school administrator may receive compensation for serving as a member of a governing body of a school district, city, town, or local governmental district
> > . . . .

*Id.* § 40(b).

---

[1]Letter from Honorable Dan W. Heard, Calhoun County Criminal District Attorney, to Opinion Committee, Office of the Texas Attorney General at 1 (Mar. 3, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

Although you acknowledge that the individual in question disputes that he is compensated from state funds, your request appears to assume that he is in fact so compensated. *See* Tex. Att'y Gen. Op. No. GA-0530 (2007) at 2–3 ("Employees of public school districts . . . receive 'all or part of their compensation either directly or indirectly from funds of the State of Texas,' and thus are subject to article XVI, section 40(b).").

You first question whether the school district chief of police may be compensated for his service on the city council under the "schoolteacher" exception in subsection (b). Request Letter at 1. No Texas court has considered the term "schoolteacher" as used in subsection (b)(1). In a prior opinion, we said that "whether a particular individual who receives compensation from the State of Texas is a schoolteacher for purposes of article XVI, section 40 of the Texas Constitution depends upon whether the individual is employed to instruct students in a school setting, which may include an athletic facility, as a result of which participants may receive credit toward fulfilling their curriculum requirements." Tex. Att'y Gen. Op. No. GA-0530 (2007) at 5. Although Opinion GA-0530 ultimately concluded that its particular determination was a fact question, you have told us that the job description for school district police chief does not include any teaching responsibilities. Request Letter at 2. On the basis of the facts you have provided, it appears that the district's chief of police, because he has no teaching responsibilities, is not a "schoolteacher" within the meaning of subsection (b)(1), article XVI, section 40 of the Texas Constitution. Consequently, that individual may not be compensated for service on a city council.

You also ask whether subsection (a) of article XVI, section 40 is applicable to the school district police chief irrespective of subsection (b). It is not. Subsections (a) and (b) of article XVI, section 40 are not in conflict. Subsection (a) applies to persons who hold a "civil office of emolument." Subsection (b), which was added to the constitutional provision in 2001, by its terms applies to persons "who are not State officers." We conclude that subsection (b) is an independent provision that addresses prohibitions and exceptions applicable to "State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers." *See* TEX. CONST. art. XVI, § 40(b).

## S U M M A R Y

Under the facts presented, a school district chief of police is not a "schoolteacher" for purposes of article XVI, section 40(b) of the Texas Constitution. Accordingly, he may not be compensated for his service on a city council.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee